UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES BARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18CV1074 HEA |
| | ) |
| ANDREW M. SAUL,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the court for judicial review of the final decision of the Commissioner of Social Security denying the application of plaintiff for disability insurance benefits under Title II, 42 U.S.C. §§ 401, *et seq*. and denial of supplemental security income benefits under Title XVI, 42 U.S.C. §§ 1381, *et seq*. The Court has reviewed the briefs and the administrative record as a whole, including the transcript and medical evidence. The Court will, therefore, affirm the decision of the Commissioner.

## Background

---

[1] The Court takes judicial notice that on June 4, 2019, Andrew M. Saul was confirmed as Commissioner of Social Security. *See* https://www.congress.gov/nomination/116th-congress/94. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted for Nancy A. Berryhill as defendant in this action. No further action needs to be taken to continue this suit by reason of 42 U.S.C. § 405(g) (last sentence).

Plaintiff was born in 1968. Plaintiff filed his application on February 22, 2016, alleging a November 11, 2015 onset date. He was 47 years of age at that time. He alleged inability to work due to back problems, shoulder problems, knee problems, anxiety, depression, anger problems, and HBP (high blood pressure).

On January 11, 2018 a hearing was held. Following the hearing, an ALJ issued a decision on January 26, 2018 finding that plaintiff was not disabled under the Act. Plaintiff filed a Request for Review of Hearing Decision/Order and on May 3, 2018, the Appeals Council denied his request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## **Decision of the ALJ**

At Step One of the of the decision from January 26, 2018, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 11, 2015, the onset date. At Step Two, the ALJ found that plaintiff had the severe impairments of degenerative disc disease, major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder. However, the ALJ found plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in the Listings, 20 C.F.R. part 404, subpart P, appendix 1, (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 AND 416.926).

The ALJ determined that plaintiff retained the residual functional capacity to perform light work except he could not climb ladders, ropes, or scaffolds but could occasionally climb ramps and stairs. The ALJ also found Plaintiff could occasionally engage in balancing, stooping, crouching, and crawling and could occasionally reach, push, and pull bilaterally overhead. Also, he could not work at unprotected heights, around moving/mechanical parts or other such hazards and was limited to performing simple, routine tasks but in a fast paced, production environment such as an assembly line. The ALJ also found Plaintiff to be limited to work that requires only occasional changes in the work setting and could only have occasional interaction with co-workers and the public.

At Step Four, the ALJ found that plaintiff is unable to perform his past relevant work as a dump truck driver. At Step Five, the ALJ found that there are jobs that exist in significant number in the national economy that Plaintiff could perform, such as a marking clerk, and shipping weigher. Therefore, the ALJ found Plaintiff not disabled.

**Statement of the Issues**

Generally the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issue here is whether

substantial evidence supports the ALJ's conclusion that Plaintiff was capable of a reduced range of light work despite his medical impairments.

## **General Legal Principles**

The Court's role on judicial review of the Commissioner's decision is to determine whether the Commissioner's findings apply the relevant legal standards to facts that are supported by substantial evidence in the record as a whole. *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the Commissioner's decision. *Id.* As long as substantial evidence supports the decision, the Court may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because the Court would have decided the case differently. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

To be entitled to disability benefits, a claimant must prove he is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. §§

423(a)(1)(D), (d)(1)(A); *Pate-Fires*, 564 F.3d at 942. A five-step regulatory framework is used to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4); *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step process).

Steps One through Three require the claimant to prove: (1) he is not currently engaged in substantial gainful activity; (2) he suffers from a severe impairment; and (3) his condition meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to Steps Four and Five. Step Four requires the Commissioner to consider whether the claimant retains the RFC to perform past relevant work (PRW). *Id*. § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating he is no longer able to return to his PRW. *Pate-Fires,* 564 F.3d at 942. If the Commissioner determines the claimant cannot return to his PRW, the burden shifts to the Commissioner at Step Five to show the claimant retains the RFC to perform other work that exists in significant numbers in the national economy. Id.; 20 C.F.R. § 404.1520(a)(4)(v).

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's

5

testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

## **Discussion**

Plaintiff asserts that the ALJ erroneously concluded Plaintiff was capable of a reduced range of light exertional work despite his medical requirements. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

6

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988). "While the extent of daily living activities does not alone show an ability to work, such activities may be considered along with other evidence when evaluating a claimant's credibility." *Walker v. Colvin*, 124 F.Supp. 3d 918, 936 (E.D. Mo. 2015).

Here, the ALJ discussed Plaintiff's complaints of pain in relation to the medical evidence. Plaintiff made complaints about "major pain" including low back pain that radiated from his back down to his toes that "burns like fire". He stated his legs would go out on him sometimes. He had back surgery but stated it was not helpful. He noted in the record that physical therapy made the pain worse and pain management therapy merely dulled the pain. The ALJ concluded, based upon the record, this to be inconsistent with the medical evidence in the record.

7

Reviewing the decision of the ALJ as required, there is no question the ALJ viewed the totality of the objective medical evidence and noted it did not support the claims of Plaintiff. Not to long after the alleged onset date and surgery Plaintiff was seen in March of 2016 and complained of pain but the physician noted there was no correlation with symptoms and no compression of nerve roots.

The record reflects follow-ups with a pain management specialist, Dr. Mahendra Gunapooti, M.D. Although Plaintiff stated ongoing back pain and tingling and numbness, the records of the doctor did not note any clinical signs or objective findings in support of same.

Plaintiff was also seen by Missouri Spine Associates on December 14, 2016 and an assessment was made. A MRI was performed on February 17, 2017. The assessment noted spondylosis, radiculopathy, sacroilitis, postlaminectomy syndrome, long term opiate use, myalgia, and obesity. The examination was otherwise generally normal except for antalgic gait . The MRI disclosed "dramatically improved" degenerative disc disease at L4-5 and L5-S1. The MRI also revealed stable degenerative disc disease and degenerative joint disease throughout the remainder of the lumbar spine and no evidence of spinal stenosis.

It is well-settled that in evaluating the credibility of a claimant's subjective pain complaints, the ALJ must consider the claimant's work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side

effects of medications; precipitating and aggravating factors; and functional restrictions. *Kelley v. Callahan*, 133 F.3d 583, 588 (8thCir. 1998), citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8thCir. 1984). When rejecting a claimant's pain complaints, the ALJ "must make an express credibility determination detailing reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors. *Id.*, citing *Cline v. Sullivan*, 939 F.2d 560, 565 (8thCir. 1991). *See Ghant*, 930 F.2d, at 637.

The record supports the ALJ finding that Plaintiff engaged in regular daily activities, albeit with limitation. Plaintiff was living with his mother, and stated that he was able to perform basic hygiene and grooming, watch television, shop for groceries, and attend church services. The ALJ properly considered this evidence in assessing and analyzing the claim made by Plaintiff. *Reece v. Colvin,* 834 F.3d 904, 910 (8th Cir. 2016) ( "Evidence of daily activities that are inconsistent with allegations of disabling pain may be considered in judging the credibility of such complaints."); *Wright v. Colvin*, 789 F.3d 847, 854 (8th Cir. 2015) ("Wright himself admits to engaging in daily activities that this court has previously found inconsistent with disabling pain, such as driving, shopping, bathing, and cooking.").

The work history evinced from the record was also inconsistent with complaints of disabling pain which prevented Plaintiff from working. The ALJ

noted, although Plaintiff originally reported that he last worked on November 11, 2015—his alleged disability onset date—later reports indicated that he had worked briefly, through at least December 21, 2015, for the same employer (Tr. 22-23, 29, 251-52, 253, 258, 281, 331, 340). While the ALJ found that Plaintiff's work activity after his alleged disability onset date did not constitute disqualifying substantial gainful activity, it was nevertheless inconsistent with his claim that he was unable to do any work after November 11, 2015 (Tr. 22-23, 29). This finding was appropriate and supported by the evidence of the record. This fact of work history during the time of the alleged disability period detracted from the credibility of his claims of intolerable pain. An ALJ may properly consider such inconsistencies between a claimant's allegations and the medical record. *See, e.g., Bryant v. Colvin*, 861 F.3d 779, 783 (8th Cir. 2017). The record fully and substantially supports the finding of the ALJ. The ALJ weighed and discussed various medical reports, records, complaints of pain, post onset work history, and daily activities of Plaintiff.

The ALJ sufficiently discussed Plaintiff's credibility in the opinion. All of the factors identified by the ALJ can be considered when making a credibility determination. The ALJ discussed Plaintiff's testimony regarding his symptoms and functional limitations. The ALJ also discussed the reasons why Plaintiff's claims of disabling pain are inconsistent with the record as a whole. The ALJ also

noted that the objective record indicated that his physical impairments as complained of were inconsistent with imaging reports. *Moore v. Astrue,* 572 F.3d 520, 524-25 (8th Cir. 2009) (appropriate for ALJ to consider conservative or minimal treatment in assessing credibility). Therefore, the ALJ's comparison of Plaintiff's claims with the objective medical evidence was proper. *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ can disbelieve subjective complaints if there are inconsistencies in the evidence as a whole and lack of corroborating evidence is just one of the factors the ALJ considers). "If the ALJ discredits a claimant's credibility and gives a good reason for doing so, [the court] will defer to its judgment even if every factor is not discussed in depth." *Perkins*, 648 F.3d at 900. A review of the entire record demonstrates that the ALJ did not rely solely upon any one of the factors in the analysis. Considering the combination of the factors relied upon by the ALJ and the record as a whole, substantial evidence in the record supports the ALJ's findings.

Plaintiff also suggests that the ALJ improperly weighed Dr. Gunapooti's opinion regarding Plaintiff's physical limitations. As respondent has correctly stated, treating source opinions may be accorded controlling weight if they are well-supported by clinical findings and are not inconsistent with evidence as a whole. *See* 20 C.F.R. §§ 404.1527, 416.927.4 But the ALJ is legally correct in discounting a treating physician's opinion that is inconsistent with, or contradicted

by, other evidence in the record. *See, e.g., Blackburn v. Colvin,* 761 F.3d 853, 860 (8th Cir. 2014) ("Even a treating source does not receive controlling weight if the source's opinions are inconsistent, or inconsistent with other substantial evidence in the record." (internal citations omitted)).

Reviewing the record as a whole discloses the ALJ acted appropriately in weighing and assessing the value and weight of the examinations, assessment, and conclusions of Dr. Gunapooti. Plaintiff cites evidence that could support a different conclusion—including a number of his own subjective reports of pain to his medical providers. The ALJ,however, reasonably discounted the extreme physical limitations Dr. Gunapooti suggested because the ALJ found that they were inconsistent with other evidence of record. *See, e.g., Reece*, 834 F.3d at 909-10 (ALJ gave good reasons for discounting treating physician's opinion, including that it was "inconsistent with the objective medical evidence in the record as well as his own treatment notes"); *Michel v. Colvin*, 640 F. App'x 585, 593 (8th Cir. 2016)(a finding of inconsistency with other evidence in the record "alone is sufficient to discount the opinion" (quoting *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005)); *see also, e.g., Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007)

## Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only 'enough that a reasonable person would find it adequate to support the decision,' and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-993 (8th Cir. 2014) (internal citations omitted). Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Doc. # 1]

A separate Judgment in accordance with this Opinion, Memorandum and Order is entered this same dated.

Dated this 23rd day of September, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE